## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2018-09-3918

SUMMER BALDWIN-KABA
1064 Belden Avenue
Akron, OH, 44310

-VS-                                                                                       **SUMMONS**

INFOCISION MANAGEMENT CORPORATION
325 Springside Drive
Akron, OH  44333

**TO the following:**

INFOCISION MANAGEMENT CORPORATION
Infocision, Inc. (Statutory Agent)
325 Springside Drive
Akron, OH  44333

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.  The name and address of the Plaintiff's attorney is:

CORINNE A. HUNTLEY
25200 Chagrin Blvd, Suit 200
Beachwood, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

September 21, 2018



EXHIBIT A

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| SUMMER BALDWIN-KABA<br>1064 Belden Ave.<br>Akron, Ohio 44310 | )<br>)<br>)<br>) | CASE NO: |
| Plaintiff, | )<br>) | JUDGE: |
| vs. | )<br>) | **COMPLAINT FOR INJUNCTIVE** |
| INFOCISION MANAGEMENT CORPORATION<br>325 Springside Dr.<br>Akron, Ohio 44333 | )<br>)<br>)<br>) | **RELIEF AND DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |
| PLEASE ALSO SERVE STATUTORY AGENT<br>Infocision, Inc.<br>325 Springside Dr.<br>Akron, Ohio 44333 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| CAROLINE BARBORAK<br>401 North River Rd.<br>Munroe Falls, Ohio 44262<br>Defendants. | )<br>)<br>)<br>)<br>) | |

Plaintiff, Summer Baldwin-Kaba ("Baldwin-Kaba"), by and through undersigned counsel, as her Complaint against Defendants states and avers the following:

### PARTIES & VENUE

1. Plaintiff Summer Baldwin-Kaba is a resident of the city of Akron, County of Summit, state of Ohio.

2. InfoCision Management Corporation ("InfoCision"), is a foreign corporation with its principal place of business located in the county of Summit, state of Ohio at 325 Springside Dr., Akron, Ohio 44333.

3. InfoCision Management Corporation owns and/or operates a business in the county of Stark at 3656 Massillon Rd., Uniontown, Ohio 44685.

The Employee's Attorney.™



4. At all times referenced herein, InfoCision was Baldwin-Kaba's employer within the meaning of R.C. § 4112.01(A)(2).

5. Caroline Barborak ("Barborak") was Baldwin-Kaba's supervisor.

6. At all times referenced herein, Barborak was Baldwin-Kaba's employer within the meaning of R.C. § 4112.01(A)(2).

7. At all times referenced herein, InfoCision and Barborak are collectively referred to as "Defendants."

8. All conduct at issue herein occurred in the county of Summit, State of Ohio.

9. Personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code § 2307.382(A)(1).

10. Venue is proper pursuant to Civ.R.3(B)(3).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

12. Baldwin-Kaba is a former employee of InfoCision.

13. Baldwin-Kaba is disabled.

14. In the alternative, Defendants perceived Baldwin-Kaba as being disabled.

15. Baldwin-Kaba began working for InfoCision on or about July 7, 2007.

16. Baldwin-Kaba was employed by Defendants as Business Account Manager at InfoCision through October 4, 2016.

17. Baldwin-Kaba's employment with Defendants was terminated on or about October 4, 2016.

18. During her tenure as an employee of InfoCision Baldwin-Kaba received favorable performance evaluations and promotions from communicator to Business Account Manager.



The Employee's Attorney.™

19. During her employment with InfoCision, Baldwin-Kaba was treated less favorably than similarly situated non-disabled coworkers.

20. During her employment with InfoCision, Baldwin-Kaba was treated less favorably than similarly situated coworkers who did not take leave under the Family Medical Leave Act ("FMLA").

21. Baldwin-Kaba was diagnosed with painful peptic-ulcers on around May or June 2016.

22. As a result of the peptic ulcers, Baldwin-Kaba suffered attacks that caused her to overheat and experience excruciating stomach pains.

23. Baldwin-Kaba had to take medication to relieve the symptoms of the attacks.

24. Baldwin-Kaba would be "knocked out" as a result of the medication.

25. These attacks would cause Baldwin-Kaba to miss one (1) or two (2) days, or require her to take half-days if she experienced an attack at work.

26. As a result of taking the medication in the evenings, Baldwin-Kaba would sometimes be late to work.

27. Defendants had a policy that if an employee missed three (3) or more days of work, the employee would need a doctor's note.

28. Baldwin-Kaba did not meet the three (3) day threshold, often missing on one (1) or two (2) days, or even half days.

29. Baldwin-Kaba was contacted by human resources as a result of her absences.

30. Human Resources told Baldwin-Kaba that her attendance was a problem.

31. Baldwin-Kaba explained that her disability and medication were the reason for her sickness.

32. The human resources department informed Baldwin-Kaba that she should use her leave under the FMLA.

The Employee's Attorney.™

3



33. Baldwin-Kaba, heeding the advice of human resources, applied for her FMLA leave on August 4, 2016.

34. Baldwin-Kaba submitted her physician's Certification of Health Care Provider forms to Defendants on August 4, 2016.

35. Defendants acknowledged receipt in a letter date August 9, 2016.

36. Defendants approved Baldwin-Kaba's FMLA leave retroactively, dating it back to July 1, 2016.

37. InfoCision is a covered employer under FMLA.

38. Baldwin-Kaba was qualified to take FMLA leave under FMLA.

39. Baldwin-Kaba continued to use FMLA leave sporadically after she was approved.

40. Baldwin-Kaba heard negative comments from supervisors about another employee who took FMLA leave.

41. Baldwin-Kaba served as a witness in a human resources meeting as a result of these comments.

42. On September 27, 2016, Baldwin-Kaba got into a disagreement with a co-worker, Nicole Morrison ("Morrison").

43. Baldwin-Kaba asked Morrison to help in the call center.

44. Morrison refused to help, saying she was waiting on a call.

45. Baldwin-Kaba informed Morrison that this was not the correct procedure.

46. Baldwin-Kaba informed Morrison that the correct procedure was to continue to take calls and asked to be placed on queue for the call the employee is waiting on.

47. The Queue would result in the call and the client being held for the employee.

48. Morrison lashed out at Baldwin-Kaba as a result, standing up and yelling at Baldwin-Kaba.

49. Baldwin-Kaba stayed seated during the disagreement and returned to work in attempt to defuse the situation.

50. Morrison often had reactions like this and her supervisor, Toni Brooks, would never address it.

The Employee's Attorney.™

4



51. Baldwin-Kaba and Morrison both returned to work the next day without incident.

52. On September 28, 2016, Baldwin-Kaba was informed that Morrison had filed a complaint against her for the disagreement.

53. Baldwin-Kaba was suspended for investigation for the incident with Morrison.

54. Morrison was not suspended for investigation for the incident with Baldwin-Kaba.

55. Defendants terminated Baldwin-Kaba on October 4, 2016.

56. Termination comes two (2) months after applying for FMLA leave and after nine years of service.

57. Defendants used the September 27, 2016 incident with Morrison as a pre-text to terminate Baldwin-Kaba.

58. Morrison was not terminated.

59. Other employees who have had altercations at InfoCision have not been terminated.

60. Barborak informed Baldwin-Kaba that she was terminated on or about October 4, 2016.

61. Defendants terminated Baldwin-Kaba in retaliation for Baldwin-Kaba applying for FMLA leave.

62. Defendants terminated Baldwin-Kaba because she was disabled.

63. Alternatively, Defendants terminated Baldwin-Kaba because of her perceived disability.

64. Prior to terminating or suspending Baldwin-Kaba, Defendants did not give Baldwin-Kaba a verbal warning for a disciplinary infraction or poor work performance.

65. Prior to terminating or suspending Baldwin-Kaba, Defendants did not give Baldwin-Kaba a written warning for a disciplinary infraction or poor work performance.

66. Prior to terminating or suspending Baldwin-Kaba, Defendants did not give Baldwin-Kaba a final written warning for a disciplinary infraction or poor work performance.

The Employee's Attorney.™



Sandra Kurt, Summit County Clerk of Courts

67. Prior to terminating or suspending Baldwin-Kaba, Defendants did not give Baldwin-Kaba counseling for a disciplinary infraction or poor work performance.

68. Baldwin-Kaba did not engage in conduct that warranted disciplinary action.

69. Defendants terminated Baldwin-Kaba with the intent to hire a non-disabled employee.

70. Defendants terminated Baldwin-Kaba with the intent to hire an employee who was unable to take FMLA leave.

71. As a direct and proximate cause of the Defendants' conduct, Baldwin-Kaba suffered and will continue to suffer damages.

72. As a direct and proximate cause of the Defendants' conduct, Baldwin-Kaba suffered and will continue to suffer physical illness and emotional distress.

## COUNT I: FMLA RETALIATION

73. Baldwin-Kaba restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

75. InfoCision is a covered employer under the FMLA.

76. During her employment, Baldwin-Kaba qualified for FMLA leave.

77. During her employment, Baldwin-Kaba was approved to utilize FMLA leave retroactively.

78. After Baldwin-Kaba attempted to use qualified FMLA leave, InfoCision retaliated against her.

79. InfoCision retaliated against Baldwin-Kaba by terminating her employment.

80. InfoCision willfully retaliated against Baldwin-Kaba in violation of U.S.C. § 2615(a).

81. As a direct and proximate result of InfoCision's wrongful conduct, Baldwin-Kaba is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.



The Employee's Attorney.™

Sandra Kurt, Summit County Clerk of Courts

## COUNT II: FMLA INTERFERENCE

82. Baldwin-Kaba restates each and every prior paragraph of this complaint, as if it were fully restated herein.

83. Pursuant to 29 U.S.C. §2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

84. InfoCision is a covered employer under the FMLA.

85. During her employment, Baldwin-Kaba qualified for FMLA leave.

86. During her employment, Baldwin-Kaba attempted to used FMLA by applying for FMLA leave.

87. InfoCision unlawfully interfered with Baldwin-Kaba's exercise of her rights under the FMLA in violation of section 105 of the FMLA.

88. As a direct and proximate cause of InfoCision's conduct, Baldwin-Kaba suffered and will continue to suffer damages.

89. As a direct and proximate cause of InfoCision's conduct, Baldwin-Kaba is entitled to all damages provided for in 29 U.S.C. §2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT III: DISBILITY DISCRIMINATION IN VIOLATION OF R.C. §4112.01 *ET SEQ.*

90. Baldwin-Kaba restates each and every prior paragraph of this complaint, as if it were fully restated herein.

91. InfoCision is a qualified employer under R.C. § 4112.01 *et seq.*

92. Barborak is a qualified employer under R.C. § *4112.01 et seq.*

93. Baldwin-Kaba is a qualified employee under R.C. §4112.01 *et seq.*

94. During her employment, Baldwin-Kaba suffered from peptic ulcers and related medical issues.

95. As a result of Baldwin-Kaba's condition, Baldwin-Kaba is disabled.

96. In the alternative, Defendants perceived Baldwin-Kaba as being disabled.



The Employee's Attorney.™

7

97. Baldwin-Kaba's condition constituted a mental and/or physical impairment.

98. Alternatively, Defendants perceived Baldwin-Kaba's condition to constitute a mental and/or physical impairment.

99. Baldwin-Kaba's condition substantially limited one or more of her major life activities including working.

100. Alternatively, Defendants perceived Baldwin-Kaba's condition to limit one or more of her major life activities including working.

101. Defendants treated Baldwin-Kaba differently than other similarly-situated employees based on her actual or perceived disability.

102. Defendants discriminated against Baldwin-Kaba based on her actual or perceived disability.

103. Defendants violated R.C. §4112.01 *et seq.* by discriminating against Baldwin-Kaba based on her actual or perceived disability. Baldwin-Kaba was terminated from her employment on October 4, 2016.

104. Defendants violated R.C. § 4112.01 *et seq.* by terminating Baldwin-Kaba based on her actual or perceived disability.

105. As a direct and proximate cause of Defendants' conduct, Baldwin-Kaba has suffered and will continue to suffer damages.



The Employee's Attorney.™

8

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Summer Baldwin-Kaba, respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant(s) to retroactively restore Plaintiff to one of the positions to which Plaintiff was entitled by virtue of Plaintiff's application and qualifications, and expunge Plaintiff's personnel file of all negative documentation;

(b) For an award against Defendants for compensatory and monetary damages to compensate Baldwin-Kaba for emotional distress, personal injury, property damage and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) For an award of punitive damages against Defendants in an amount in excess of $25,000;

(d) For an award of reasonable attorney's fees and non-taxable costs for Baldwin-Kaba's claims as allowable under law;

(e) For an order requiring InfoCision to cease and desist from any employment practice which discriminates or harasses against Baldwin-Kaba or others on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry, or in retaliation against the person because he or she complained about such discrimination.

(f) For an award of the taxable costs of her action; and

(g) For an award of such other relief as this Court may deem necessary and proper.



The Employee's Attorney.™

Respectfully submitted,

Barry R. Murner (0069195)
Corinne A. Huntley (0096865)
**THE SPITZ LAW FIRM, LLC**
The WaterTower Plaza
25200 Chagrin Blvd.
Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: 216) 291-5744
Email: barry.murner@spitzlawfirm.com
corinne.huntley@spitzlawfirm.com

*Attorneys for Plaintiff Summer Baldwin-Kaba*

## JURY DEMAND

Plaintiff Summer Baldwin-Kaba demands a trial by jury by the maximum number of jurors permitted.

Corinne A. Huntley (0096865)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

10

