# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUMMER BALDWIN-KABA, | ) | CASE NO. 5:18-cv-2478 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| INFOCISION, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the partial motion to dismiss filed by defendant InfoCision, Inc. ("InfoCision") seeking to dismiss Count II of the first amended complaint. (Doc. No. 10 ("MTD").) Also before the Court is the motion of plaintiff Summer Baldwin-Kaba ("Baldwin-Kaba") for leave to file a second amended complaint. (Doc. No. 15 ("Mot. SAC").) For the reasons set forth herein, InfoCision's motion is granted and Baldwin-Kaba's motion is denied.

## I. BACKGROUND

On September 20, 2018, Baldwin-Kaba filed a complaint in the Summit County Court of Common Pleas against InfoCision and Caroline Barborak ("Barborak") setting forth three claims for relief: (1) retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; (2) FMLA interference; and (3) disability discrimination under Ohio Rev. Code § 4112.01, *et seq.* InfoCision removed the matter to this Court on October 26, 2018, on the basis of federal question jurisdiction and the Court's supplemental jurisdiction over the state law claim. (*See* Notice of Removal, Doc. No. 1.)

On November 2, 2018, InfoCision and Barborak filed a motion to dismiss Barborak as a party to this action and to dismiss the FMLA interference claim. (Doc. No. 5.) On December 13,

2018, Baldwin-Kaba filed a notice that, with InfoCision's consent, she was filing a first amended complaint removing Barborak as a party. (*See* Doc. No. 8; *see also* First Amended Complaint ("FAC"), Doc. No. 10.) The Court subsequently ruled that, since InfoCision had consented to the filing of the FAC, its motion to dismiss was effectively resolved. The Court made no ruling with respect to dismissal of the FMLA interference claim. (*See*, Order, Doc. No. 9.)

On January 2, 2019, InfoCision filed the instant partial motion to dismiss the FAC for failure to state a claim as to Count II (FMLA Interference). InfoCision argued that, because the FAC admits both that the requested FMLA leave was approved by InfoCision for the certified period of July 1, 2016 through July 18, 2016, and that the leave was taken by Baldwin-Kaba, she cannot maintain the FMLA interference claim because the termination of her employment occurred several months after the FMLA certification had already expired. (MTD at 97–98.[1]) Instead of opposing InfoCision's motion to dismiss, Baldwin-Kaba filed her motion for leave to file a second amended complaint. Both matters are ripe for determination.

## II.  LEGAL STANDARDS

### A.  Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3 (criticizing the *Twombly* dissent's

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The Court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

**B.      Standard for Granting Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend the complaint should be "freely give[n] . . . when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

3

sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (citing Fed. R. Civ. P. 15(a)). That said, the Court is not required to permit amendment where such would be futile. *Morse v. McWorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citing *Foman*).

Under Fed. R. Civ. P. 15(a)(1)(B), Baldwin-Kaba had the right to amend the complaint "once as a matter of course" either 21 days after it was served, or 21 days after InfoCision served a motion under Rule 12(b). Plaintiff already availed herself of that right when she filed the FAC. To further amend, she needs either the consent of InfoCision (which she does not have) or leave of the Court.

## III. DISCUSSION

InfoCision opposes Baldwin-Kaba's request for leave to amend a second time because the proposed SAC fails to cure the fundamental defects in the FMLA interference claim in both the complaint and the first amended complaint.

The Sixth Circuit "recognizes two distinct theories for recovery under the FMLA: (1) the 'entitlement' or 'interference' theory arising under 29 U.S.C. § 2615(a)(1), and (2) the 'retaliation' or 'discrimination' theory arising under 29 U.S.C. § 2615(a)(2)." *Tillman v. Ohio Bell Tel. Co.*, 545 F. App'x 340, 348 (6th Cir. 2013) (quoting *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir.2012)). Baldwin-Kaba raises both—Count I is the FMLA retaliation claim and Count II is the FMLA interference claim. InfoCision seeks dismissal of only Count II.

> The interference provision of the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided in [the Act]." 29 U.S.C. § 2615(a)(1). Also known as an FMLA "entitlement" claim, the employer violates the act if it interferes with an FMLA-created right to medical leave or reinstatement after a qualified leave. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400–01 (6th Cir. 2003). Though our cases recognize some overlap between the interference and retaliation theories, *see*

4

*Weimer v. Honda of Am. Mfg., Inc.*, 356 Fed. Appx. 812, 815 (6th Cir. 2009) (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)), "the requisite proofs differ," *Seeger*, 681 F.3d at 282. A prima facie case of FMLA interference requires the plaintiff to show that (1) [s]he is an eligible employee; (2) the defendant is an employer as defined in the Act; (3) [s]he was entitled to leave under the FMLA; (4) [s]he gave the defendant notice of [her] intention to take leave; and (5) the defendant denied [her] FMLA benefits to which [s]he was entitled. *Donald* [*v. Sybra, Inc.*], 667 F.3d 757, 761 [(6th Cir. 2012)] (citations omitted).

*Id.* at 351.

In the FAC, Baldwin-Kaba explains that, due to a peptic ulcer, she "often miss[ed] . . . one (1) or two (2) days, or even half days." (FAC ¶ 26.) She was "contacted by human resources as a result of her absences[,]" and was told "that her attendance was a problem." (*Id.* ¶¶ 27–28.) She then alleges, in relevant part:

> 29. Baldwin-Kaba explained that her disability and medication were the reason for her sickness.
>
> 30. The human resources department informed Baldwin-Kaba that she should use her leave under the FMLA.
>
> 31. Baldwin-Kaba, heeding the advice of human resources, applied for her FMLA leave on August 4, 2016.
>
> 32. Baldwin-Kaba submitted her physician's Certification of Health Care Provider forms to Defendant on August 4, 2016.
>
> 33. Defendant acknowledged receipt in a letter date August 9, 2016.
>
> 34. Defendant approved Baldwin-Kaba's FMLA leave retroactively, dating it back to July 1, 2016.
>
> \* \* \*
>
> 37. Baldwin-Kaba continued to use FMLA leave sporadically after she was approved.
>
> 38. Baldwin-Kaba had intermittent FMLA leave.

39. Baldwin-Kaba would have used her FMLA intermittently had her condition flared up.

(*See also* SAC ¶¶ 29–34, 42–45.)

Baldwin-Kaba's FMLA interference claim fails, and is not cured in the proposed SAC, for two reasons. First, Baldwin-Kaba does not allege that she was *denied* FMLA leave to which she was *entitled* and, in fact, states clearly that she was *granted* the leave requested. Second, to the extent Baldwin-Kaba claims that "InfoCision interfered with [her] intermittent FMLA leave by terminating her so that she would not continue to use her intermittent FMLA leave[,]" (FAC ¶ 90; *see also* proposed SAC ¶ 106), the FAC also fails to state a claim, and the proposed SAC does not cure that failure.

Under the regulations governing FMLA claims, an employer may require a medical certification that sets forth the following information:

> (7) If an employee requests leave on an intermittent or reduced schedule basis for the employee's serious health condition, including pregnancy, that may result in unforeseeable episodes of incapacity, information sufficient to establish the medical necessity for such intermittent or reduced schedule leave and an estimate of the frequency and duration of the episodes of incapacity[.]

29 C.F.R. § 825.306(a)(7). The physician's certificate referenced in FAC ¶ 32, a copy of which has been supplied by InfoCision (*see* MTD Ex. A ("Certificate") (Doc. No. 11-2)), identifies the "[p]robable duration of condition" as July 1, 2016 to July 18, 2016, and states that Baldwin-Kaba "cannot work during flare up between 7/1–7/18." (*Id*. at 108.) Although the duration is an estimate, it is given some weight when determining whether the employee is entitled to further leave. *See Culpepper v. BlueCross BlueShield of Tennessee, Inc.*, 321 F. App'x 491, 496–97 (6th Cir. 2009) ("[Plaintiff] received exactly what her doctor ordered—six days of FMLA leave. No additional

6

leave was authorized by the Certification.") Here, Baldwin-Kaba received the leave for which she was certified, and she does not allege otherwise.

Baldwin-Kaba's "interference" claim is more in the nature of what is called "termination-as-preemption." Another court of this circuit has directly addressed this type of claim. In *Laws v. HealthSouth N. Ky. Rehab Hosp.*, 828 F. Supp. 2d 889 (E.D. Ky. 2011), plaintiff asserted an interference claim under FMLA, alleging that

> because she took "repeated FMLA leave" in the years prior to her termination, with "some of it just weeks before her termination," jurors "would find" that HealthSouth "anticipated" [p]laintiff would take more leave in the future and terminated her "to prevent her from taking any more FMLA leave."

*Id.* at 919–20. Although rejecting plaintiff's interference claim because she failed to supply any evidentiary support to show that she met the basic elements of such claim, more importantly for the current context the district court also noted:

> [p]laintiff's 'termination-as-preemption' against future use of FMLA leave not only merges her retaliation arguments with her "interference" theory, which is itself problematic, the *Clark* decision rejected the "termination-as-preemption" argument in both the retaliation and interference contexts where the employee in fact returned to work after taking the FMLA leave without restrictions from the doctor.

*Id.* at 920 (citing *Weimer*, 356 F. App'x at 817;[2] *Clark v. Walgreen Co.*, 424 F. App'x 467, 472, 474 (6th Cir. 2011)); *see also Nilles v. Givaudan Flavors Corp.*, No. 1:10-CV-919, 2012 WL 1537613, at *7 n.23 (S.D. Ohio May 1, 2012) (speculation that employment was terminated because the employer was "concerned about the 'future possibilities' of [the employee] needing more FMLA leave[] . . . is insufficient to support a FMLA claims as a matter of law").

---

[2] The problem noted by *Weimer* is that intent or motive is not an element of an interference claim whereas it is an element of a retaliation claim.

Here, Baldwin-Kaba was granted (and took) FMLA leave between July 1 and July 18, 2016. The certificate did not mention any continuing need for leave beyond that period and, in fact, left blank the section requesting an "estimate [of] frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (*e.g.*, 1 episode every 3 months lasting 1–2 days)[.]" (Certificate at 109.)

There is nothing in the allegations of the complaint that support any claim that Baldwin-Kaba was denied FMLA leave to which she was entitled. To that extent, InfoCision is entitled to dismissal of Count II of the FAC and leave to file the proposed SAC must be denied because it fails to cure that defect.

## IV. CONCLUSION

For the reasons set forth herein, because the allegations in the proposed SAC (and in the complaint and the FAC), even when taken as true, fail to "plausibly give rise to an entitlement to relief[,]" *Iqbal*, 556 U.S. at 679, InfoCision is entitled to dismissal of the FMLA interference claim in Count II of the FAC; Doc. No. 11 is granted. Further, Baldwin-Kaba is denied leave to file the SAC because it does not (and cannot) cure the deficiency; Doc. No. 15 is denied.

**IT IS SO ORDERED**.

Dated: March 11, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**